.Gerard D ’Emilio, J.
Defendant has moved to dismiss the information on ¡the .grounds that the current charge of possession of a controlled substance in the sixth degree should have been joined under OPL ,200.20' with an earlier charge for driving while intoxicated which the ¡defendant pled guilty to on ¡March 8, 1974. The charge of driving while intoxicated and the current charge are allegedly related because the controlled .substance *47 was seized at the same time as the defendant was apprehended for driving while intoxicated. The defendant also argues that the court, in its discretion, should dismiss the information pursuant to CPL 170.40 on the grounds that the circumstances surrounding the prosecution on this charge require a dismissal in the interests of ¡justice.
Although the defendant pled guilty to the charge of driving while intoxicated on January 21, 1974 he was not arrested for possession until April 1,1974. Defendant argues that the usual procedure of the Suffolk County Police Department was not followed in this case and that he has unnecessarily been subjected to two separate arrests, two separate searches, and two separate arraignments and processing procedures. Defendant argues that he has been prejudiced by this procedure because the conviction for driving while intoxicated may now be used for impeachment purposes on the trial for possession of a controlled substance in the sixth degree.
A dismissal under CPL 170.40 in the interests of justice is entirely discretionary with the court. CPL 170.40 states in part ‘ ‘ such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice ”. The injustice complained of herein by the defendant concerns the police procedures which were employed in his arrest on this charge and the charge of driving while intoxicated, and ido .not relate to any injustice which would result from a conviction. It has been said that the purpose of this provision is to give the court power in appropriate but rare circumstances to allow the letter of the law gracefully and charitably to succumb to the spirit of justice. (People v. Davis, 65 Misc 2d 656.) A conviction of the defendant herein on the charge of possession would not bear the taint of injustice which generally has led other courts to dismiss in the interests of justice. For example, in People v. Davis (supra) the indictment was dismissed .because it appeared that the possession of marijuana by the defendant was intentional but not due to any volition or desire on his part to possess or use the marijuana, and the defendant was of high moral character and intended to pursue a career in medicine or teaching. In People v. Campbell (48 Misc 2d 798) the indictment for abduction was dismissed because the abductee had voluntarily accompanied the defendant .without the State for the purpose of marriage and was only two months shy of being 18 *48 at the time. It not appearing that principles of justice and fair play would be compromised if defendant were convicted on the charge of possession, the motion to dismiss pursuant to GPL Í70.40 shoúld ¡be denied.
The motion for a dismissal pursuant to iCPL 40:40 is denied. GPL 40.40 mandates dismissal of a prosecution where the offense charged was joinable under a single accusatory instrument with another offense which has since gone to trial ór to which the defendant has already pled guilty, by reason of being based on the same criminal transaction, pursuant to GPL 200.20 (subd. 2, par. [aj). GPL 40.10 (subd. 2) defines criminal transaction as.: Grimina.1 transaction ’ means.conduct which establishes at least one offense, and which is comprised óf two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in •criminal purpose or objective as to constitute elements or integral parts of a single criminal venture. ’ ’
The defendant’s act of alleged possession of the controlled ¡substance was a continuing act, which could extend for an indefinite period of time, while the act of driving while intoxicated was of relatively short duration and was committed during the same time period .as the alleged possession merely because of the continuous nature of the possessory criminal act. In order for these offenses to be considered as based on the same criminal transaction under GPL 40.10 (subd. 2, par. [a]) they must be related in “circumstance of commission” as well as point of1 time and there is no relationship in the circumstances of commission of the offenses involved. The circumstance of commission of the offense of possession was continuous knowing possession, while the circumstance of commission of the offense of driving while intoxicated was the act of operating a motor vehicle while in- a state of intoxication. These acts are not .so closely related and connected in point of time and circumstance of commission as. to constitute a single criminal incident. The alternate definition of criminal transaction as being so closely related in'criminal purpose or objective as to constitute elements or integral ¡parts of a single criminal venture is clearly not applicable here ¡since there is no such relationship between the criminal act of possession and the offense of driving while intoxicated.
The defendant’s assertion that he may be prejudiced by the conviction for driving while intoxicated when he takes the stand to testify on the charge of criminal possession does not entitle him to a dismissal. The correct procedure for .the defendant *49 to follow to protect himself from possible prejudice is* to bring a ‘ ‘ Luck ’ ’ motion to preclude -the use of such conviction for impeachment purposes. (People v. Duffy, 44 A D 2d 298; Luck v. United States, 348 F. 2d 763.)
Accordingly, the motion -to dismiss is denied for the reasons outlined above.