## The People of the State of New York, Respondent, v James Richard Johnson, Appellant.

Third Department, September 28, 1978

### APPEARANCES OF COUNSEL

*James M. Barber* for appellant.

*Patrick D. Monserrate, District Attorney (Gary L. Sharpe* of counsel), for respondent.

### OPINION OF THE COURT

Greenblott, J.

On February 10, 1977 the defendant was indicted upon a single indictment which contained two counts. The first charged the defendant with possession of heroin on or about

December 26, 1976 and the second accused him of committing burglary in the third degree on the same day.

The facts are significant since they reveal a close relationship between the two counts of the indictment. Having determined that the perpetrator of a burglary at a tavern had fled by automobile, the Binghamton police immediately commenced a lookout for the suspected vehicle. A police officer shortly thereafter observed the car and stopped it. When the officer walked toward the car, it sped down the street, where it was again stopped. The driver jumped out and fled. The police chased the suspect into a cellar of an abandoned building. When flushed from the cellar, he was subdued after a struggle and placed under arrest.

Subsequently, a search of the cellar area revealed the defendant's wallet, a wad of tinfoil, which was later determined to contain heroin, and defendant's notebook, all under a sofa cushion. A search of the car uncovered 21 quarts of liquor and a laundry bag, both taken from the burglarized restaurant. A pair of pliers and a crowbar which were later determined to have been used to gain entry to the burglarized premises were also found in the car. A television set, also stolen from the burglarized premises, was later found at defendant's apartment.

Upon this appeal, the defendant contends, *inter alia,* that the trial court erroneously denied his motion to sever the two counts of the indictment and try each separately. CPL 200.20 (subd 2, par [b]) provides that two offenses are joinable when: "Even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, *or proof of the second would be material and admissible as evidence in chief upon a trial of the first".* (Emphasis supplied.)

The statute clearly provides that where two offenses, although constituting different criminal transactions, are such that the proof necessary to convict under the second charge would be material as evidence in chief upon the trial of the first charge, the two are properly joinable. Thus the issue presented by this appeal is whether the evidence which would be necessary to prove that the defendant was in possession of the narcotics would be admissible as evidence in chief upon the burglary trial. In our view, such evidence would be rele-

vant and material as tending to show defendant's guilty flight from the scene of the burglary (cf. *People v Reddy,* 261 NY 479; see Richardson, Evidence [10th ed], § 167), and that the defendant was the perpetrator of the burglary.

Upon the trial the People proved the defendant's guilty flight from the burglary as well as his possession of the heroin by the same evidence. He was forced from the car which he refused to stop when ordered by the police to do so. He then ran away after struggling with the police officer through the snow to the cellar of an abandoned building. After he was forced out of the cellar, his jacket, wallet and the packet of heroin were found in the cellar. All of this evidence was admissible in proving both counts of the indictment.

We have examined the remainder of defendant's contentions and find them to be without merit.

The judgment should be affirmed.

MAHONEY, P. J. (dissenting). We dissent from that part of the majority's opinion holding that the trial court correctly denied defendant's motion to sever the two counts of the indictment. In our view, it was an abuse of discretion to deny the motion.

The record clearly shows that after the alleged burglary, the defendant returned to his apartment, dropped off part of the stolen goods, and returned to the streets. At the time of his apprehension there was not the slightest evidence that he was in possession of, or ever had been in possession of, drugs. It was only after defendant was booked at headquarters that two officers were assigned to conduct separate investigations, one at defendant's apartment where fruits of the burglary were obtained, and the other in the basement of the building into which defendant had fled, where the heroin was discovered. Looked at in this light it is abudantly clear that it cannot be said that the drug possession and the burglary were part of a single criminal incident or transaction (CPL 200.20, subd 2, par [a]), or that they were different criminal transactions or offenses of such a nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second or proof of the second would be material and admissible as evidence in chief upon a trial of the first (CPL 200.20, subd 2, par [b]).

With respect to CPL 200.20 (subd 2, par [a]) which permits two offenses to be joined when they are based on the same act

or the same criminal transaction, it must be noted that CPL 40.10 (subd 2) defines "criminal transaction" as conduct which is comprised of two or more acts either "(a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture." Here, it is clear that the commission of the drug and burglary crimes is not even marginally related in "purpose" or "objective" or "in point of time and circumstance of commission" as to constitute a single criminal act. The defendant's act of alleged possession of a controlled substance was a continuing act, while the act of burglary was of short duration and related to the possession charge only because it was committed during the continuous act of possession. The separate criminal acts, however, were not related in "circumstance of commission". *(People v Burke,* 79 Misc 2d 46.) Herein, the only incident common to both crimes was the apprehension of the defendant. Subsequent to apprehension two separate investigations revealed evidence of two separate crimes.

Second, the joinder of the two offenses in separate counts of the indictment has no statutory support (CPL 200.20, subd 2, par [b]). As noted above, the only incident common to both crimes was the fact of apprehension. Thus, proof of either of the offenses would not be admissible as evidence in chief upon the trial of the other. None of the categories set forth in *People v Molineux* (168 NY 264) for the admissibility of collateral evidence is present here.

Since the CPL does not permit indictment amendment to cure a misjoinder of offenses (CPL 200.70, subd 2, par [c]), defendant should have moved to dismiss the indictment (CPL 210.20, subd 1, par [a]; 210.25, subd 1) and, in our view, the Trial Judge should have dismissed the indictment and given the People permission to reintroduce the evidence before the Grand Jury (CPL 210.20, subd 4). However, the procedural errors should not preclude relief where, as here, the prejudice to defendant of the misjoinder of the drug and burglary charges is clear. Such prejudice obtained at trial because defendant might well have decided not to testify with respect to either one of the charges so as not to reveal his connection with the other. Moreover, forcing a defendant to face a heroin charge simultaneously with a burglary charge is prejudicial per se.

The defendant was denied a basic fundamental right to a fair trial. Evidence of guilt, however overwhelming, can never be permitted to negate that right *(People v Crimmins,* 36 NY2d 230, 238).

The judgment should be reversed, on the law and in the interest of justice, and new trials ordered on the separate counts of the indictment.

STALEY, JR., and MIKOLL, JJ., concur with GREENBLOTT, J.; MAHONEY, P. J., and MAIN, J., dissent and vote to reverse in an opinion by MAHONEY, P. J.

Judgment affirmed.