■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY SOTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered March 12, 1986, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The allegedly improper comments made by the prosecutor combined with the testimony offered after the court had instructed the prosecutor to advise his witnesses not to volunteer such testimony did not deprive the defendant of his right to a fair trial (see, People v Crimmins, 36 NY2d 230; People v Schaeffer, 56 NY2d 448; People v Marrero, 110 AD2d 785). The trial court sustained all objections to the comments and testimony and delivered prompt curative instructions to the jury to disregard the statements (see, People v Arce, 42 NY2d 179, 187; People v Burwell, 63 AD2d 685). Furthermore, the court gave explicit instructions to the jury both before the trial and in the charge that its verdict should be reached only on the basis of testimony offered by competent witnesses and that any statement deemed stricken from the record should not be considered at all (see, People v Garcia, 72 AD2d 356, affd 52 NY2d 716).

Nor was the defendant denied a fair trial by the fact that the court did not charge the jury on the possibility that he could have possessed a controlled substance unknowingly. Here, where there was no claim of unknowing possession, the court's charge that the defendant's guilt of each element of the crime must be established beyond a reasonable doubt was sufficient (see, People v Gambino, 52 AD2d 957; People v Ostin, 62 AD2d 1004). Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.