■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE CRUTCHFIELD, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered January 18, 1983, convicting him of burglary in the third degree, petit larceny, criminal possession of stolen property in the third degree, and assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the assault charge was improperly tried with the other three counts of the indictment because the charges were not properly joinable under CPL 200.20. This issue has not been preserved for our review, as the defendant failed to make any severance motion at trial. In any event, we find this contention to be without merit.

It is well established that two offenses are "joinable" when, even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence-in-chief upon a trial of the second, or proof of the second would be material and admissible as evidence-in-chief upon a trial of the first (see, CPL 200.20 [2] [b]; *People v Johnson,* 64 AD2d 140, *affd* 48 NY2d 925).The testimony in the instant case discloses that, immediately following his commission of the burglary, the defendant became enraged with his girlfriend, Valerie Baldwin, because she refused to transfer the stolen property from a box into the defendant's bag. The subsequent assault on Baldwin occurred directly as a result of, and in reaction to, her refusal to assist the defendant in transferring the stolen property. Proof of the burglary would certainly be both material and admissible as evidence of the reason for the defendant's assault upon Baldwin. Accordingly, the offenses were properly tried together.

The defendant also argues, for the first time on appeal, that the testimony of the prosecution witness Valerie Baldwin was accomplice testimony, and therefore corroboration was required. At no time prior to or during trial did the defendant seek to have this witness treated as an accomplice within the meaning of CPL 60.22 (2), and accordingly, the issue has not been preserved for appellate review. In any event, we find this contention to be meritless.

To deem a witness to be an accomplice as a matter of law, the evidence of his or her complicity must be undisputed (see, *People v Duncan,* 46 NY2d 74, *cert denied* 442 US 910; *People v Basch,* 36 NY2d 154). "[I]f different inferences may reasonably be drawn from the proof regarding complicity * * * the question should be left to the jury for its determination" *(People v Basch, supra,* at 157). Thus, in the case at bar, it was properly left for the trial court to determine the credibility of Baldwin's testimony and whether or not she possessed the requisite criminal intent required of an accomplice. Of the differing inferences which could have been drawn, the one

accepted by the court was that Baldwin was not a willful participant in the crime, but rather, a victim of circumstances.

Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Furthermore, we have reviewed the defendant's sentence, and do not find it to be in violation of Penal Law § 70.25 *(see, People v Brathwaite,* 63 NY2d 839).

Lastly, we have reviewed the defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.