■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FELDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered April 6, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's conviction arises out of an incident in which the complainant was robbed of his school ring by an assailant who held a knife in his left hand. During the trial the defendant sought to establish through the testimony of his

mother and sister that he was right handed in an attempt to prove that he could not have been the perpetrator. The court refused to permit the defendant to call these witnesses.

"Few rights are more fundamental than that of an accused to present witnesses in his own defense" *(Chambers v Mississippi,* 410 US 284, 302). Thus the testimony of a defense witness should not be prospectively excluded unless it is offered in palpably bad faith *(People v Gilliam,* 37 NY2d 722, *revg* 45 AD2d 744 *on dissenting opn of Hopkins, J.; People v Westergard,* 113 AD2d 640, 645, *affd* 69 NY2d 642; *People v Scott,* 104 AD2d 667, 670). At bar, the proffered testimony was relevant to the accuracy of the complainant's identification and there is no indication that it was offered in palpably bad faith. Accordingly, the defendant should have been permitted to introduce the proposed testimony. This error deprived the defendant of a fair trial requiring a reversal of his conviction and a new trial.

However, we find no error in the refusal of the court to hear testimony concerning the lights on the roof of a grocery store which was located across the street from where the crime occurred. Under the circumstances of this case, the court properly found that such testimony was collateral and, therefore, the trial court did not abuse its discretion in denying the defendant's request to call the manager of the store *(see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; *People v Ventura,* 35 NY2d 654; *cf., People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846; *People v Hewlett,* 133 AD2d 418, *affd* 71 NY2d 841). Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.