■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

KENNETH WINDLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered December 2, 1988, convicting him of robbery in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prompt curative action of the trial court minimized any prejudicial effect of a prosecution witness's inadvertent reference to a "mug shot" (see, People v Green, 143 AD2d 768, 770), and the trial court offered to deliver further curative instructions. The defendant rejected this offer and moved for a mistrial. The trial court was correct in denying this application since a mistrial is unwarranted when a less drastic remedy is available to cure the error (see, People v Santiago, 52 NY2d 865; People v Young, 48 NY2d 995; People v DuBose, 147 AD2d 585).

The trial court correctly ruled that extrinsic evidence of the weather on the day of the incident, directed solely to impeach the complainant's memory and powers of observation, was collateral and thus inadmissible (see, People v Schwartzman, 24 NY2d 241, 245, cert denied 396 US 846; see also, People v Felder, 143 AD2d 839). Finally, the alleged errors in the prosecutor's summation were either unpreserved for appellate review (CPL 450.05 [2]; see, People v Medina, 53 NY2d 951) or were sufficiently addressed by curative instructions so that a mistrial was unwarranted (see, People v Davis, 61 NY2d 202, 207). Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.