■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY CARTER, Appellant. [602 NYS2d 934] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered April 20, 1990, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises out of an incident in which he stabbed his former wife and her fiancé.

Contrary to the defendant's assertion on appeal, the trial court's intrusion into the trial proceedings was minimal and does not warrant reversal of his conviction (see, People v Yut Wai Tom, 53 NY2d 44; People v De Jesus, 42 NY2d 519; People v Buckheit, 95 AD2d 814). Further, although certain statements volunteered by the defendant's former wife were prejudicial, the court's striking of the testimony and prompt curative instructions operated to vitiate any prejudice that might have inured from such statements (see, People v Soto, 133 AD2d 787; People v Adeline, 122 AD2d 61; People v Samuel N., 121 AD2d 405). Moreover, there is no significant probability

that the volunteered statements materially influenced the jury to the defendant's prejudice or that the statements distracted the attention of the jury from the principal issue of the defendant's guilt or innocence *(see, People v Samuel N., supra)*.

In addition, the court did not err in admitting several excerpts from letters written by the defendant to his former wife after the stabbing. Any confusion concerning the relevance or interpretation of the admitted passages should have been explored during the defendant's testimony. The defendant's argument that he was somehow prevented from making such an inquiry is belied by the record *(see, People v Gallo,* 12 NY2d 12). Further, although the prosecutor impermissibly attempted to elicit a passage from one letter that was not ruled admissible, this error does not warrant reversal of the judgment of conviction *(see, People v Galloway,* 54 NY2d 396; *People v Arce,* 42 NY2d 179; *People v Moore,* 134 AD2d 530).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.