■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONES R. WOODS, Appellant. [615 NYS2d 548] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of one count of unauthorized use of a motor vehicle in the second degree (Penal Law § 165.06). He contends that the trial court improperly denied his motion for

a mistrial and that an expanded identification charge should have been given based on testimony concerning a showup identification of defendant. In addition, defendant contends that his sentence is harsh and excessive.

Defendant was charged, *inter alia,* with criminal possession of stolen property in the fifth degree (Penal Law § 165.40). He was acquitted of that charge, which was based upon defendant's possession of a bulletproof vest owned by the New York State Police and issued to an investigator. During trial, the People called the investigator to establish ownership of the vest and the absence of permission for any other individual to use or possess the vest. When the investigator was asked if he knew defendant, he replied that he did. When asked, "How do you know that individual?", the investigator replied, "I got a call one night after they recovered the vest, and I got called down to police headquarters, and at that time I just seen *[sic]* a picture of him from the State Police, and he walked into the holding area." Defendant did not object to that testimony, nor did he request a curative instruction *(see, People v Windley,* 181 AD2d 703, *lv denied* 79 NY2d 1009; *People v Kirkland,* 177 AD2d 946, *lv denied* 79 NY2d 859).

Defendant sought a mistrial on that issue after the People had rested, rather than at the time the investigator testified. The decision to deny a motion for a mistrial is within the court's discretion *(see, People v Ortiz,* 54 NY2d 288, 292; CPL 280.10 [1]). "While the question of timeliness on a motion for a mistrial is not usually a primary consideration, the court would have been within its discretion in considering this factor" *(People v Ortiz, supra,* at 292, n 3).

We conclude that defendant received a fair trial. The investigator's testimony focused on permission to possess the bulletproof vest; he did not refer to the photograph from the State Police as a "mug shot" *(cf., People v Windley, supra).* Furthermore, the investigator's viewing of the photograph occurred after defendant's arrest and the recovery of the vest. Based upon this record, it cannot be said that the jury would be likely to infer from the investigator's testimony that defendant had a prior criminal record *(cf., People v Caserta,* 19 NY2d 18, 21).

Defendant did not request an expanded identification charge *(see,* 1 CJI[NY] 10.01). The error, if any, is therefore not preserved for review *(see,* CPL 470.05 [2]), and we decline to review it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Defendant's sentence as a predicate felon is not harsh or excessive. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Unauthorized Use Motor Vehicle, 2nd Degree.) Present—Denman, P. J., Green, Balio, Wesley and Davis, JJ.