■ The People of the State of New York, Respondent, v Al Diaz, Also Known as Albert Nieves, Appellant. [619 NYS2d 125] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered April 13,

1992, as amended June 16, 1992, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant was convicted of stealing a gold chain from the victim as she was riding on the subway in Queens. The victim followed the defendant from the train to his home, where she flagged down a police patrol car. A police officer chased the defendant and arrested him.

The trial court properly exercised its discretion in refusing to permit the defendant to unseal the victim's juvenile record because the defendant failed to demonstrate that the sealed information would tend to show either the witness's bias in favor of the prosecution or hostility toward the defendant *(see, People v Daughtry,* 202 AD2d 686). Further, the court properly exercised its discretion in refusing to permit the defendant to call a witness that would have contradicted the victim's denial that she confronted the defendant seven months after her chain was stolen and asked for its return. A party who is cross-examining a witness cannot introduce extrinsic evidence or call other witnesses to contradict a witness's answers concerning collateral matters solely for the purpose of impeaching that witness's credibility *(see, People v Pavao,* 59 NY2d 282, 288).

The prosecutor's summation comments were a fair response to the defense counsel's summation, which attacked the credibility of the victim *(see, People v Boyajian,* 148 AD2d 740, 741; *People v Sykes,* 151 AD2d 523). Furthermore, the court's charge as to flight on the part of the defendant was proper *(see, People v Yazum,* 13 NY2d 302, 304).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.