OPINION OF THE COURT
Dennis F. Bender, J.
The above-named defendant currently stands accused by indictment of one count of grand larceny in the fourth degree (Penal Law § 155.30 [7]), and one count of petit larceny (Penal Law § 155.25). Omnibus motions were argued on March 26, *121 1997, at which time a decision was rendered from the Bench regarding all relief requested excepting the defendant’s motion to dismiss the above two counts, upon which decision was reserved pending an in camera review of the Grand Jury minutes. Having conducted such an examination, I now decide as follows.
The Grand Jury proceedings were not defective nor was the integrity of the proceeding impaired to such an extent that dismissal of the second of these two counts is warranted. This court does determine, however, that legally insufficient evidence was presented to support the count of grand larceny in the fourth degree, and that the District Attorney’s charge regarding the same was fatally flawed.
"A person is guilty of grand larceny in the fourth degree when he steals property and when * * *
"[t]he property consists of one or more firearms, rifles or shotguns, as such terms are defined in section 265.00”. (Penal Law § 155.30 [7].)
Here, the defendant is accused of stealing a shotgun. A "shotgun” is statutorily defined as "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.” (Penal Law § 265.00 [12].)
While not contained in the statutory definition, judicial interpretation requires that evidence also be presented that the shotgun in question was "operable”. (People v Longshore, 86 NY2d 851, 852, and cases cited therein.) No evidence of operability was presented, nor was the jury charged regarding this requirement.
Concededly, Longshore (supra) and the numerous other cases which have stated the requirement of operability were all concerned with charges of criminal possession of weapons. With the exception of dicta in People v Burdash (102 AD2d 948), no reported cases of record had been found where the issue is raised in connection with a larceny charge.
Imposition of the operability requirement in possession cases is based, however, upon the fact the weapon is "capable of inflicting serious injury or death only if operable”. (People v Longshore, supra, at 852.) The same rationale applies to grand larceny in the fourth degree under Penal Law § 155.30 (7). As *122 further support, this court notes the legislative intent when enacting Penal Law § 155.30 (7): the introductory paragraph of the legislation states such is "[a]n Act to amend the penal law, in relation to including theft of dangerous weapons in the definition of grand larceny.” (L 1969, ch 352 [emphasis added].) An inoperable shotgun would no more be within this category than a metal pipe. Accordingly, because of the lack of proof of operability and a failure to charge it as an element, the charge of grand larceny in the fourth degree must fail.
It is noted, however, that the evidence presented was legally sufficient to support a charge of petit larceny. Thus, rather than dismissing the count, the same is hereby reduced to the lesser offense. (CPL 210.20 [1-a].)
The request of defendant’s attorney to release the Grand Jury minutes to him is denied, this court finding no need for his assistance in its examination.