■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BENDER, Appellant. [668 NYS2d 130] —Judgment unanimously affirmed. Memorandum: We conclude that defendant's conviction of burglary in the second degree (Penal Law § 140.25 [2]) is supported by legally sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The record establishes that defendant received meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147). We further conclude that

Supreme Court properly denied defendant's request for a missing witness charge. Because that request was made after the close of the proof, it was untimely (*see, People v Asphill*, 208 AD2d 550, *lv denied* 88 NY2d 933; *People v Castro-Garcia*, 203 AD2d 899, *lv denied* 83 NY2d 965; *People v Catoe*, 181 AD2d 905, *lv denied* 79 NY2d 1047). In any event, the request was properly denied because the testimony of the uncalled witness would not have substantiated defense counsel's theory that defendant did not enter the home and was not otherwise relevant or material (*see, People v Gonzalez*, 68 NY2d 424, 427-428).

We have considered defendant's remaining contentions including those raised in the *pro se* supplemental brief, and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Hayes, Callahan and Fallon, JJ. [As amended by unpublished order entered Mar. 13, 1998.]