■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CLINKSCALES, Appellant. [682 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered April 3, 1996, convicting him of

criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises out of his violation of an order of protection. During the complainant's testimony, she volunteered that she had testified falsely in a prior criminal proceeding, in accordance with instructions provided to her by the defendant's counsel. Contrary to the defendant's contention, the trial court's striking of that testimony and its prompt curative instructions operated to vitiate any prejudice that might have inured from the statements (*see, People v Johnson,* 219 AD2d 809; *People v Carter,* 197 AD2d 698; *People v Windley,* 181 AD2d 703; *People v Soto,* 133 AD2d 787; *People v Adeline,* 122 AD2d 61). There is no significant probability that the volunteered statements materially influenced the jury to his prejudice, or distracted the jury from the principal issues.

In addition, the defendant's right to confront a witness against him was not violated by the court's refusal to permit him to call as a witness an attorney who had represented the complainant in the prior criminal proceeding. It is "well established that the party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness'[s] answers concerning collateral matters solely for the purpose of impeaching that witness'[s] credibility" (*People v Pavao,* 59 NY2d 282, 288-289; *see also, People v Alvino,* 71 NY2d 233; *Matter of Sheldon G.,* 234 AD2d 459; *People v Diaz,* 209 AD2d 632). Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.