■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CRUZ, Appellant. [709 NYS2d 717] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of, *inter alia*, criminal trespass in the first degree (Penal Law §§ 20.00, 140.17 [3]), defendant contends that Supreme Court committed reversible error in its charge with respect to criminal trespass by refusing to instruct the jury that it must find that the shotgun recovered at the scene was operable.

Penal Law § 140.17 (3) requires, in relevant part, that a defendant know that another participant in the crime possesses "a firearm, rifle or shotgun under circumstances described in subdivision two." Pursuant to subdivision (2), a person is guilty of criminal trespass in the first degree if, *inter alia*, he possesses "a firearm, rifle or shotgun, as those terms are defined in section 265.00, and also possesses or has readily accessible a quantity of ammunition which is capable of being discharged from such firearm, rifle or shotgun." "[A] firearm within the meaning of Penal Law § 265.00 (3) must be found operable" (*People v Ramsey*, 124 AD2d 835, *lv denied* 69 NY2d 885; *see generally, People v Longshore*, 86 NY2d 851, 852).

Criminal trespass in the first degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree refer to firearms, rifles or shotguns as those terms are defined in section 265.00 of the Penal Law (*see,* Penal Law § 140.17 [2]; § 155.30 [7]; § 165.45 [4]). Courts have interpreted the phrase "as defined in section 265.00" to require operability for a conviction of grand larceny in the fourth degree (*see, People v Ewing*, 172 Misc 2d 120, 121-122) and of the former criminal possession of stolen property in the second degree, which is now the equivalent of criminal possession of stolen property in the fourth degree (*see, People v Burdash*, 102 AD2d 948, 949 [citing Penal Law former § 165.45 (4)]). We perceive no reason not to adopt that interpretation with respect to criminal trespass in the first degree.

Although the court erred in refusing to instruct the jury on the operability requirement with respect to criminal trespass, the error is harmless. The jury necessarily found that the weapon was operable when it found defendant guilty of criminal possession of a weapon in the third degree (Penal Law

§ 265.02 [4]) because the court in its supplemental charges instructed the jury that operability was a required element of that offense. The evidence of operability was uncontroverted, and there is no reasonable possibility that the jury would have acquitted defendant of criminal trespass in the first degree had the court instructed the jury on the operability requirement with respect to that crime (*see, People v Crimmins*, 36 NY2d 230, 237; *cf., People v Shambo*, 209 AD2d 1011, 1012, *lv denied* 84 NY2d 1038, 85 NY2d 980).

We reject defendant's contention that the court erred in refusing to charge the jury on moral certainty. That charge is not required where there is both direct and circumstantial evidence of guilt (*see, People v Daddona*, 81 NY2d 990, 992). Defendant's proximity to the weapon and drugs, which were in plain view, constitutes direct evidence of possession (*see, People v Perez*, 259 AD2d 274, *lv denied* 93 NY2d 976; *cf., People v David*, 234 AD2d 787, 789, *lv denied* 89 NY2d 1034). Nor was the court required to provide a supplemental instruction on constructive possession when the jurors requested only the elements of the offenses (*see, People v Allen*, 69 NY2d 915, 916).

Defendant failed to preserve for our review his challenge to the sufficiency of the evidence of the length of the shotgun barrel (*see, People v Gray*, 86 NY2d 10, 19). We reject defendant's remaining challenges to the weight and legal sufficiency of the evidence (*see, People v Williams*, 84 NY2d 925, 926; *People v Bleakley*, 69 NY2d 490, 495).

The court did not abuse its discretion in denying defendant's motion for a mistrial based on a police officer's references to the additional weapon found by the police (*see, People v Ortiz*, 54 NY2d 288, 292; *People v Woods*, 206 AD2d 901, 902, *lv denied* 84 NY2d 1040). In any event, the court gave a curative instruction, which the jury is presumed to have followed (*see, People v Berg*, 59 NY2d 294, 299-300; *People v Davis*, 58 NY2d 1102, 1104).

Defendant failed to preserve for our review his contention in his *pro se* supplemental brief that his trial should have been severed from that of codefendants (*see, People v Crutchfield*, 134 AD2d 508, 509, *lv denied* 71 NY2d 894). Were we to reach that contention, we would conclude that it lacks merit. The defenses were not antagonistic, and there was no evidence that a joint trial would substantially impair defendant's case (*see, People v Mahboubian*, 74 NY2d 174, 183-184; *People v Cruz*, 66 NY2d 61, 73-74, *revd on other grounds* 481 US 186). The prior bad acts of defendant and codefendants were admissible to establish their unlawful presence in defendant's residence.

Defendant's contention that the court impermissibly amended the indictment with respect to the crime of criminal trespass also is unpreserved for our review, and we decline to exercise our power to reach it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The remaining contentions of defendant in his *pro se* supplemental brief are lacking in merit. His contention that the prosecutor knowingly introduced false testimony is unsupported by the record (*cf., People v Pelchat,* 62 NY2d 97; *People v Savvides,* 1 NY2d 554). We reject his contention that he was denied effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). To the extent that his contention is based on defense counsel's failure to call certain witnesses, "the record does not disclose the reason the witnesses were not called, [and thus] 'we presume it was based upon sound trial strategy and did not deprive defendant of a fair trial' " (*People v Streeter,* 236 AD2d 857, *lv denied* 90 NY2d 864, quoting *People v Smith [William],* 115 AD2d 304). In any event, defendant failed to demonstrate that he was prejudiced by the failure to call those witnesses (*see, People v Orso,* 270 AD2d 947).

Finally, we reject the contention of defendant that the court erred in denying his motion to suppress the fruits of the search of the apartment. A tenant has the authority to consent to the search of his or her apartment (*see, People v Pugh,* 246 AD2d 679, 681, *lv denied* 91 NY2d 976, 92 NY2d 882), and here, "based upon an objective view of the circumstances present," the police were entitled to rely on the tenant's assertions of authority (*People v Adams,* 53 NY2d 1, 9, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Trespass, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.