■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAMILIET ROSARIO, Appellant. [716 NYS2d 235] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal trespass in the first degree (Penal Law §§ 20.00, 140.17 [3]), criminal possession of a weapon in the third degree (Penal Law §§ 20.00, 265.02 [4]) and two counts of criminal possession of a controlled substance in the seventh degree (Penal Law §§ 20.00, 220.03), defendant contends that Supreme Court erred in denying his motion to suppress tangible evidence on the ground that defendant lacked standing to challenge the search. Defendant has failed to preserve for our review his contention that he had automatic standing to challenge the search of the premises (*see, People v Hooks,* 258 AD2d 954, *lv denied* 93 NY2d 972), and he failed otherwise to meet his initial burden of establishing that he had a legitimate expectation of privacy in the apartment or the items seized (*see, People v Christian,* 248 AD2d 960, *lv denied* 91 NY2d 1006; *see also, People v Sanchez-Reyes,* 172 AD2d 1034, *lv denied* 78 NY2d 926). In any event, we previously concluded on the appeal of a codefendant that the search executed at that apartment was valid based on the consent of the tenant (*People v Cruz,* 272 AD2d 922, *lv granted* 95 NY2d 859).

The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Contrary to the contention of defendant, there is sufficient evidence that the shotgun barrel measured less than 18 inches in length (*see,* Penal Law § 265.00 [3] [b]) and that it was measured when cocked (*see,* Penal Law § 265.00 [3]). Also contrary to defendant's contention, the court did not err in failing to instruct the jury concerning missing witnesses; defendant's request for such a charge, made after the close of proof, was untimely (*see, People v San-*

*tiago*, 266 AD2d 846, *lv denied* 94 NY2d 925; *see also, People v Bender*, 244 AD2d 910, *lv denied* 91 NY2d 923). We reject defendant's contention that the court erred in instructing the jury on accomplice liability. There was evidence that defendant intentionally aided his codefendants in the possession of the weapon and the narcotics (*see, People v Page*, 105 AD2d 930, 932; *see also, People v Cuesta*, 199 AD2d 101, 101-102, *lv denied* 83 NY2d 870).

Defendant has failed to preserve for our review his contention that the verdict is repugnant and inconsistent (*see, People v Alfaro*, 66 NY2d 985, 987; *People v Satloff*, 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *People v Roth*, 256 AD2d 1206, 1207), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant's remaining contentions lack merit (*see, People v Cruz, supra*). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Trespass, 1st Degree.) Present—Green, J. P., Pine, Hayes, Scudder and Lawton, JJ.