The People of the State of New York, Respondent, v Shannon M. Kolupa, Appellant. [872 NYS2d 831]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered March 30, 2006. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree, sexual abuse in the first degree, criminal sexual act in the first degree, attempted sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is modified as a matter of discretion in the interest of justice by directing that the sentences imposed on counts one through four of the indictment shall run concurrently with respect to each other and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal sexual act in the first degree (Penal Law § 130.50 [3]) and attempted rape in the first degree (§§ 110.00, 130.35 [3]). Contrary to defendant's contention, the unsworn testimony of the seven-year-old victim was sufficiently corroborated by evidence of defendant's opportunity, the testimony concerning defendant's statements to the police and the testimony of other witnesses (*see generally*

*People v Groff,* 71 NY2d 101, 109-110 [1987]). "Strict corroboration of every material element of the charged crime is not required, as the purpose of corroboration is to ensure the trustworthiness of the unsworn testimony rather than [to] prove the charge itself" *(People v Petrie,* 3 AD3d 665, 667 [2004]; *see Groff,* 71 NY2d at 108-110).

Contrary to the further contention of defendant, County Court properly determined that a police officer's alleged promise to charge defendant with a misdemeanor, issue him an appearance ticket and release him did not render his statements to the police inadmissible pursuant to CPL 60.45 (2) (b) (i). Inasmuch as some of defendant's inculpatory statements were made before the alleged promise was given, we conclude that there is no risk that the promise caused defendant to incriminate himself falsely *(see generally People v Carrillo,* 257 AD2d 780, 782-783 [1999], *lv denied* 93 NY2d 967 [1999]). In any event, considering the totality of the circumstances in this case *(see People v Anderson,* 42 NY2d 35, 38 [1977]), we conclude that the alleged promise that defendant would be charged with a misdemeanor, issued an appearance ticket and released is not one that created a substantial risk of false incrimination during the course of the two-hour interview with the police *(see People v Williamson,* 245 AD2d 966, 967-968 [1997], *lv denied* 91 NY2d 946 [1998]; *People v Hamelinck,* 222 AD2d 1024 [1995], *lv denied* 87 NY2d 921 [1996]; *see also People v Alexander,* 51 AD3d 1380, 1381-1382 [2008], *lv denied* 11 NY3d 733 [2008]).

Finally, we reject defendant's contention that the sentences imposed on the counts of attempted rape in the first degree and sexual abuse in the first degree must run concurrently as a matter of law *(see generally People v Rosas,* 8 NY3d 493, 496-497 [2007]; *People v Laureano,* 87 NY2d 640, 643 [1996]). We conclude, however, that the imposition of consecutive sentences with respect to counts one through four of the indictment renders the sentence unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences imposed on those counts shall run concurrently with respect to each other *(see* CPL 470.15 [6] [b]).

All concur except Martoche, J.P., and Centra, J., who dissent in part in accordance with the following memorandum.

Martoche, J.P., and Centra, J. (dissenting in part). We respectfully dissent in part. In our view, the evidence is legally insufficient to support the conviction of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [3]), sexual abuse in the first degree (§ 130.65 [3]) and criminal sexual act in the first

degree (§ 130.50 [3]). We disagree with the majority that the unsworn testimony of the seven-year-old victim was sufficiently corroborated by testimony concerning defendant's statements to the police and the testimony of other witnesses.

"The corroboration standard . . . requires proof of circumstances tending to prove the material facts of the crime and tending to connect the defendant to that crime" (*People v Guerra*, 178 AD2d 434, 434-435 [1991]; *see generally People v Groff*, 71 NY2d 101, 109 [1987]). Here, however, the two physicians who examined the victim testified that they found nothing of significance in their examination of the victim's genitals. Although the testimony concerning defendant's statements to the police established that defendant admitted that he exposed himself to the victim, there was no evidence that defendant admitted that he committed any other physical acts with respect to the victim. We thus conclude that defendant's testimony tended to prove only the material facts of the lesser crimes of which defendant was convicted, attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]), but failed to prove the material facts of the remaining crimes (*see Guerra*, 178 AD2d at 435). We therefore would modify the judgment by reversing those parts convicting defendant of attempted rape in the first degree, sexual abuse in the first degree and criminal sexual act in the first degree and dismissing counts one through three of the indictment. Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.