# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**629**

**KA 10-01596**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RODNEY HARRIS, DEFENDANT-APPELLANT.

---

THOMAS THEOPHILOS, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 6, 2010. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of burglary in the second degree (Penal Law § 140.25 [1] [d]) and robbery in the second degree (§ 160.10 [2] [b]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant further contends that County Court erred in considering, and in ultimately convicting him of, robbery in the second degree (§ 160.10 [2] [b]) as a lesser included offense of robbery in the first degree (§ 160.15 [2]), and burglary in the second degree (§ 140.25 [1] [d]) as a lesser included offense of burglary in the first degree (§ 140.30 [1]). Pursuant to CPL 300.50 (1), "[a]ny error respecting such [consideration by the court] . . . is waived by the defendant unless he [or she] objects thereto" in a timely manner, and defendant failed to do so here (*see People v Ford*, 62 NY2d 275, 282-283; *People v Smith*, 13 AD3d 1121, 1122-1123, *lv denied* 4 NY3d 803).

Defendant failed to preserve for our review his contention that the robbery count of the indictment is facially duplicitous (*see People v Becoats*, 71 AD3d 1578, 1579, *affd* 17 NY3d 643, *cert denied* ___ US ___ [Apr. 23, 2012]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's further contention that he was denied effective assistance of counsel based

upon defense counsel's failure to move to dismiss the robbery count of the indictment.  "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  In addition, we reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the court's consideration of lesser included offenses or to request that the court consider other lesser included offenses (*see generally People v Turner*, 5 NY3d 476, 483-485; *People v Calderon*, 66 AD3d 314, 320, *lv denied* 13 NY3d 858).  Unlike the failure to raise a statute of limitations defense, defense counsel's failure to object to, or to request, the court's consideration of lesser included offenses is not the type of "clear-cut and completely dispositive" error that rises to the level of ineffective assistance of counsel (*Turner*, 5 NY3d at 481).

Defendant failed to preserve for our review his contention that his trial should have been severed from that of his codefendants (*see People v Cruz*, 272 AD2d 922, 923, *affd* 96 NY2d 857; *People v Crutchfield*, 134 AD2d 508, 509, *lv denied* 71 NY2d 894).  In any event, that contention lacks merit.  There was no evidence that the "core of each defense [was] in irreconcilable conflict with the other" (*People v Mahboubian*, 74 NY2d 174, 184; *see Cruz*, 272 AD2d at 923).  There is thus no merit to defendant's further contention that he received ineffective assistance of counsel based on defense counsel's failure to move to sever his trial from that of his codefendants (*see People v Williams*, 281 AD2d 933, 934, *lv denied* 96 NY2d 869).

Inasmuch as defendant withdrew his motion for a *Huntley* hearing concerning the statement that he made to the police, defendant waived his present contention that the court should have conducted a *Huntley* hearing to determine the admissibility of that statement (*see generally People v Jones*, 79 AD3d 1665, 1665).  Further, defendant has not shown that such a motion, if not withdrawn, would have been successful, and we conclude that he was not denied effective assistance of counsel on that ground (*see generally People v Pace*, 70 AD3d 1364, 1366, *lv denied* 14 NY3d 891; *People v Borcyk*, 60 AD3d 1489, *lv denied* 12 NY3d 923).

Entered:  July 6, 2012                              Frances E. Cafarell
                                                    Clerk of the Court