# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1006

KA 11-02320

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GREGORY A. JONES, DEFENDANT-APPELLANT.

---

JOSEPH T. JARZEMBEK, BUFFALO, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), rendered November 15, 2011. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of predatory sexual assault against a child (Penal Law § 130.96). We reject defendant's contention that Supreme Court erred in refusing to suppress statements that he made to the police on the ground that he was in custody at the time and had not been administered *Miranda* warnings. The court properly determined that "a reasonable person in defendant's position, innocent of any crime, would not have believed that he or she was in custody, and thus *Miranda* warnings were not required" (*People v Lunderman*, 19 AD3d 1067, 1068, *lv denied* 5 NY3d 830; *see People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). Even assuming, arguendo, that defendant preserved for our review his further contention that his statements to the police were obtained in violation of his right to counsel, we conclude that he thereafter waived that contention inasmuch as he conceded during the suppression hearing that the police ceased questioning him immediately after he requested a lawyer (*see generally People v Harris*, 97 AD3d 1111, 1112, *lv denied* 19 NY3d 1026).

Contrary to defendant's contention, the unsworn testimony of the seven-year-old victim was sufficiently corroborated by "evidence tending to establish the crime and connecting defendant with its commission" (*People v Groff*, 71 NY2d 101, 104), including evidence of defendant's opportunity to commit the crime, the testimony of other witnesses, and the victim's description of a pornographic video that was found on defendant's computer. "Strict corroboration of every

material element of the charged crime is not required, as the purpose of corroboration is to ensure the trustworthiness of the unsworn testimony rather than [to] prove the charge itself" (*People v Kolupa*, 59 AD3d 1134, 1135, *affd* 13 NY3d 786 [internal quotation marks omitted]; *see People v Petrie*, 3 AD3d 665, 667).

Finally, we reject defendant's contention that he was denied effective assistance of counsel.  "[T]he evidence, the law and the circumstances of [this] case, viewed together and as of the time of representation, reveal that meaningful representation was provided" (*People v Satterfield*, 66 NY2d 796, 798-799; *see generally People v Baldi*, 54 NY2d 137, 146-147).

Entered:  October 4, 2013                          Frances E. Cafarell
                                                   Clerk of the Court