# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1055

KA 12-00253

PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

CARLOS J. ARROYO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 15, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and reckless endangerment in the first degree (§ 120.25). By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hawkins*, 11 NY3d 484, 492; *People v Gray*, 86 NY2d 10, 19). Defendant also contends, however, that the verdict is against the weight of the evidence, and " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of [that contention]' " (*People v Stepney*, 93 AD3d 1297, 1298, *lv denied* 19 NY3d 968; *see People v Danielson*, 9 NY3d 342, 348-349). Viewing the evidence in light of the elements of the crimes as charged to the jury, we conclude that "the People proved beyond a reasonable doubt all elements of the crimes charged" (*Stepney*, 93 AD3d at 1298; *see Danielson*, 9 NY3d at 349; *see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that Supreme Court erred in denying his motion to preclude the People from introducing in evidence a printout of a mugshot photograph containing defendant's signed handwritten statement that the person in the photograph sold him a vehicle on the evening of defendant's arrest. We reject defendant's

contention that he was entitled to preclusion on the ground that the printout was not included in the CPL 710.30 notice.  The People's notice of intention to introduce statements by defendant at trial " 'was sufficient under CPL 710.30 to apprise the defendant that they would be introducing [the printout] . . . since the statements contained the sum and substance of what [the printout] indicated' " (*People v Mikel*, 303 AD2d 1031, 1031, *lv denied* 100 NY2d 564; *see People v Bennett*, 56 NY2d 837, 839; *People v Peppard*, 27 AD3d 1143, 1143-1144, *lv denied* 7 NY3d 793).

Contrary to defendant's contention, the court properly denied his request for a missing witness charge.  "[D]efendant's request for such a charge, made after the close of proof, was untimely" (*People v Rosario*, 277 AD2d 943, 943, *affd* 96 NY2d 857).  In any event, defendant failed to meet his burden of establishing his entitlement to such a charge inasmuch as the uncalled witness's testimony would have been cumulative (*see People v Savinon*, 100 NY2d 192, 197; *People v Gonzalez*, 68 NY2d 424, 427).

We reject defendant's further contention that he was denied effective assistance of counsel.  Defense counsel's failure to object to allegedly improper comments by the prosecutor on summation does not constitute ineffective assistance of counsel.  The prosecutor's comments either were "not so egregious as to deny defendant a fair trial" or did not in fact constitute prosecutorial misconduct (*People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954).  To the extent that defendant contends that he was denied effective assistance of counsel based upon defense counsel's failure to make a more specific trial order of dismissal motion, request a probable cause hearing, or move to suppress his statements to the police and physical evidence found in the vehicle he was driving, his contention is without merit because he failed to demonstrate that the motions, if made, would have been successful (*see People v Noguel*, 93 AD3d 1319, 1320, *lv denied* 19 NY3d 965).

We conclude that the sentence is not unduly harsh or severe.  We note, however, that the certificate of conviction fails to reflect that defendant was sentenced to a five-year period of postrelease supervision, and it must therefore be amended to reflect that fact (*see People v Smoke*, 43 AD3d 1332, 1333, *lv denied* 9 NY3d 1039).

Entered:  November 8, 2013                      Frances E. Cafarell
                                                  Clerk of the Court