# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1016
KA 10-01037
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MARLO J. BLOCKER, ALSO KNOWN AS MARLOW,
DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 13, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (two counts) and a traffic infraction.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of four counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]), two counts of criminal possession of a weapon in the third degree (§ 265.02 [1]), and a traffic infraction. We reject defendant's contention that he was denied effective assistance of counsel. Defendant failed to demonstrate that the alleged deficiencies in the pretrial suppression motion compromised his defense or his right to a fair trial, inasmuch as County Court addressed his challenge to the legality of the search of his vehicle (*see People v Hobot*, 84 NY2d 1021, 1024; *People v Clark*, 6 AD3d 1066, 1067, *lv denied* 3 NY3d 638). Defendant's contention that counsel was ineffective in failing to move to sever his trial from that of his codefendant is based on matters outside the record on appeal and therefore must be raised in a motion pursuant to CPL 440.10 (*see People v Fuentes*, 52 AD3d 1297, 1300, *lv denied* 11 NY3d 736). Similarly, a motion pursuant to CPL 440.10 is the proper procedural vehicle for defendant to raise his contention that counsel failed to conduct an adequate investigation (*see People v Conway*, 118 AD3d 1290, 1291, *lv denied* 9 NY3d 990). Further, although counsel failed to object to comments by the prosecutor that the People concede supported an improper "safe streets" argument, "it cannot be said that, viewing counsel's representation in totality, such error deprived defendant of meaningful representation" (*People v Brown*, 70

AD3d 1302, 1304, *affd* 17 NY3d 742; *see People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention that the warrantless search of his vehicle constituted an improper inventory search (*see* CPL 470.05 [2]; *People v Redden*, 27 AD3d 1173, 1174, *lv denied* 7 NY3d 793), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject defendant's further contention that the court erred in charging the jury on accessorial liability (*see People v Rosario*, 277 AD2d 943, 944, *affd* 96 NY2d 857).

Finally, viewing the evidence in light of the elements of the crimes of criminal possession of a weapon in the second and third degrees as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The jury was entitled to reject the evidence that the weapons recovered from the vehicle were possessed solely by one of the codefendants, and to find, based upon the automobile presumption (*see* Penal Law § 220.25 [1]), that defendant knowingly possessed those weapons (*see People v Washington*, 50 AD3d 1539, 1539, *lv denied* 11 NY3d 742).  The jury was also entitled to find, based upon the testimony of the firearms examiner, that the sawed-off shotgun recovered from the vehicle constituted a "firearm" under Penal Law § 265.00 (3) (d) (*see People v Tillery*, 60 AD3d 1203, 1205-1206, *lv denied* 12 NY3d 860).

Entered:  October 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court