■ The People of the State of New York, Respondent, v Mark Johnson, Appellant. [641 NYS2d 644] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered February 15, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $5^1/_2$ to 11 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence, which established that

defendant took two five-dollar bills from a companion and then uttered "two" to a man walking "approximately a yard" in front of him, who in response reached into his coat pocket, looked back at the companion, rather than defendant, and handed the companion two vials of crack cocaine, and that defendant then handed the man the two five-dollar bills. We see no reason to disturb the jury's verdict rejecting the agency defense and convicting defendant of participating in the sale.

Defendant's claim that a police report prepared by the arresting officer's partner contained a prior inconsistent statement by the arresting officer that was improperly excluded by the trial court is unpreserved for appellate review, no such claim of prior inconsistency having been made before the trial court, and we decline to review it in the interest of justice. If we were to review it, we would find that the court properly precluded the partner's testimony about what the report contained absent any indication that the report actually consisted of statements made by the arresting officer; and that even if the report did contain a prior inconsistent statement by the arresting officer, its exclusion was proper since defendant never confronted the arresting officer with the inconsistency (*see, People v Wise*, 46 NY2d 321, 326). We also note that the partner had already testified that he had written in his report, based on information that had been provided by the arresting officer, that the drugs were initially passed to defendant, not to defendant's companion. Concur—Murphy, P. J., Milonas, Williams, Tom and Mazzarelli, JJ.