■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTINO CONTRERAS, Appellant. [816 NYS2d 10]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered July 13, 2000, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees and conspiracy in the second degree, and sentencing him to an aggregate term of 28 years to life, unanimously affirmed.

The court properly qualified one of the detectives in charge of the investigation as an expert in the meaning of coded communications used by narcotics traffickers and allowed him to testify as to the meaning of the coded communications used during the subject investigation (*see People v Hickey*, 284 AD2d 929, 930 [2001], *lv denied* 97 NY2d 656 [2001]; *People v Rodriguez*, 205 AD2d 328 [1994]). The detective had extensive experience in narcotics investigations including those involving wiretapping (*compare People v Vizzini*, 183 AD2d 302 [1992]), and his testimony was consistent and well reasoned and did not encroach on the fact-finding function of the jury. In interpreting the coded communications used in this case, the expert properly placed them in light of other facts already in evidence, including facts personally known and testified to by him (*see People v Jones*, 73 NY2d 427, 430 [1989]).

Defendant was not deprived of his right to effective, conflict-free assistance of counsel. Although defendant and his codefendant-brother Jorge Contreras were represented by attorneys who were mother and son and shared office space and other services, the attorneys had separate practices and the trial of defendant's brother was already completed. Even though no such inquiry was necessary, the court conducted a sufficient inquiry pursuant to *People v Gomberg* (38 NY2d 307 [1975]), following which defendant made an informed determination to proceed with the attorney in question. The trial record further shows that any possible conflict did not operate to defendant's detriment (*see People v Henderson*, 11 AD3d 366, 367 [2004], *lv denied* 4 NY3d 744 [2004]; *see also Cuyler v Sullivan*, 446 US 335, 348-350 [1980]).

The court properly precluded defendant from introducing an affidavit from a nontestifying person as a declaration against penal interest. There were no supporting circumstances attesting to the reliability of the statements (*see People v Motter*, 235 AD2d 582, 587-588 [1997], *lv denied* 89 NY2d 1038 [1997]).

Defendant's suppression argument and his constitutional claims regarding the admission of the expert testimony and the exclusion of the declaration against penal interest are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.