■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER RAMIREZ, Appellant. [826 NYS2d 184]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered March 31, 1999, as amended March 25, 2005, convicting defendant, after a jury trial, of conspiracy in the second degree and criminal possession of a controlled substance in the first and third degrees, and sentencing him to concurrent terms of 5 to 15 years, 11 years and 8⅓ to 25 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). While each link in the chain of circumstances might have an innocent explanation when viewed in isolation, the evidence, viewed as a whole, supported the conclusion that defendant was a participant in the drug conspiracy.

The court properly qualified one of the detectives in charge of the investigation as an expert in the meaning of coded communications used by narcotics traffickers and allowed him to testify as to the meaning of code words used by the alleged participants in the subject conspiracy. "In interpreting the coded communications used in this case, the expert properly placed them in light of other facts already in evidence, including facts personally known and testified to by him" (People v Contreras, 28 AD3d 393, 394 [2006], citing People v Jones, 73 NY2d 427, 430 [1989]). In particular, the witness noted that a normally innocuous word used in the recorded conversations between defendant and a coconspirator constantly appeared in conversations between that coconspirator and other persons, and that it

always had a specialized drug-related meaning in those conversations. The expert's testimony was not speculative, and it did not contain an opinion on defendant's guilt.

The challenged portion of the prosecutor's summation, considered in context, drew a reasonable inference from the evidence and was responsive to defense counsel's summation (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.