■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN POLANCO, Appellant. [856 NYS2d 601]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered May 12, 2005, as amended May 25, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and conspiracy in the second and fourth degrees, and sentencing him to concurrent terms of 19 years, 8¹/₃ to 25 years and 1¹/₃ to 4 years, respectively, unanimously affirmed.

With appropriate limiting instructions, the court permitted a detective involved in the investigation to testify as an expert on coded drug-related conversations and to interpret a particular recorded conversation that was the principal evidence supporting the sale conviction. This testimony was generally admissible, even though it involved the interpretation of otherwise innocuous terms that had drug-related meanings within the context of the particular case. Contrary to defendant's argument, the detective relied on his personal knowledge and other facts in evidence to interpret these terms, rather than hearsay or speculation (see People v Jones, 73 NY2d 427, 430 [1989]; People v Ramirez, 33 AD3d 460 [2006], lv denied 7 NY3d 928 [2006]; People v Contreras, 28 AD3d 393, 394 [2006], lv denied 7 NY3d 847 [2006]). To the extent that the detective may have gone beyond the proper role of an expert and encroached on the jury's fact-finding function, any error was harmless. The court's instructions minimized any prejudice, and the agent's interpretation of the intercepted telephone call at issue was not the only evidence submitted by the People in support of the sale count. Defendant's associate, who was present at and overheard the conversation, fully explained its meaning. Among other things, he testified that immediately after the phone conversation ended he had a follow-up conversation with defendant, in which defendant confirmed that the call was about the sale of five kilograms of cocaine. The accomplice also placed the call in context through extensive testimony about the drug operation and the events leading up to the call. Furthermore, there was additional

evidence such as telephone records showing several calls from the buyer to defendant during the applicable time period, and police surveillance tracking the buyer's travel.

We similarly reject defendant's challenges to the sufficiency and weight of the evidence supporting the sale count, and his claim that the court should have delivered a circumstantial evidence charge. As noted, there was ample evidence establishing that the phone conversation at issue was an offer to sell drugs. In addition, the evidence established that defendant had both the intent and the ability to proceed with the sale (*see People v Samuels*, 99 NY2d 20 [2002]; *People v Mike*, 92 NY2d 996 [1998]). Most notably, at the end of the phone conversation, defendant specifically told his accomplice that he had the ability to deliver the quantity of drugs at issue. Finally, since the evidence was both direct and circumstantial, the court properly denied defendant's request for a circumstantial evidence charge (*see People v Roldan*, 88 NY2d 826 [1996]).

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Nardelli, Buckley and Catterson, JJ.