■ The People of the State of New York, Respondent, v Jayvon Gangar, Appellant. [912 NYS2d 321]—

Malone Jr., J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered January 13, 2009, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree (six counts), tampering with physical evidence (five counts) and obstructing governmental administration in the second degree.

As a result of an incident in which defendant and two others engaged in a shootout with another individual at an apartment complex in the City of Schenectady, Schenectady County and then engaged in a three-hour standoff with the police, defendant and three codefendants were charged in a 26-count indictment with various crimes.* Following a jury trial, defendant was found guilty of six counts of criminal possession of a weapon in the second degree, five counts of tampering with physical evidence and one count of obstructing governmental administration in the second degree. He was thereafter sentenced to an aggregate prison term of $17^2/_3$ to 23 years and four years of postrelease supervision. Defendant appeals.

---

* This Court recently modified the judgment of conviction of codefendant Keith Payne (*People v Payne*, 71 AD3d 1289 [2010], *lv denied* 15 NY3d 777 [2010]).

Initially, defendant challenges both the legal sufficiency and the weight of the evidence supporting the judgment of conviction. Among other evidence, codefendant Juanita Mayben testified at trial that she observed defendant in possession of a .357 caliber revolver the night before the shootout and in possession of a weapon during the incident. Contrary to defendant's assertions, Mayben's testimony was sufficiently corroborated by other evidence at trial that tended to connect him to the crime (*see* CPL 60.50; *People v Reome*, 15 NY3d 188, 191-192 [2010]) and was not inherently unreliable because she testified pursuant to a cooperation agreement (*see People v Thompson*, 75 AD3d 760, 763 [2010]). Testimony at trial also established that, after the shooting, defendant and codefendants Akeem Ulmer and Keith Payne retreated to the apartment located at 225 Frank Street. When the police arrived, Payne and defendant repeatedly refused the police officers' requests to exit the apartment and engaged in a three-hour standoff. During the standoff, police officers situated in the apartment under 225 Frank Street heard something heavy being moved and a subsequent search of 225 Frank Street yielded a .22 caliber revolver, a .22 caliber semiautomatic pistol and a .357 caliber revolver, which were found hidden under the refrigerator. The police also discovered live and spent ammunition in and around the toilet. Finally, while in police custody, defendant communicated with his codefendants and specifically discussed the hiding of the .357 caliber revolver. Viewed in the light most favorable to the People, we find legally sufficient evidence in the record to support the findings that defendant, acting either as a principal or as an accessory (*see* Penal Law § 20.00; *People v Thompson*, 75 AD3d at 765), physically or constructively possessed a loaded weapon with the intent to use the same against another (*see* Penal Law § 265.03 [1] [b]; *People v Carter*, 60 AD3d 1103, 1106 [2009], *lv denied* 12 NY3d 924 [2009]), and possessed the same outside his home or business (*see* Penal Law § 265.03 [3]), tampered with physical evidence by means of concealment (*see* Penal Law § 215.40 [2]) and obstructed governmental administration (*see* Penal Law § 195.05). Further, assuming a different verdict would not have been unreasonable, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we are not convinced that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Nor are we convinced that County Court abused its discretion in permitting the People to cross-examine defendant about his prior conviction of criminal sale of a controlled substance in the third degree, which indicates defendant's willingness to put his own interests ahead of society's. Because the court appropriately

mitigated the potential prejudice to defendant by prohibiting the People from inquiring into the facts underlying the conviction, the *Sandoval* ruling was proper (*see People v Peele*, 73 AD3d 1219, 1220 [2010]).

Next, we are not persuaded that defendant was denied the effective assistance of counsel. Contrary to defendant's contention, trial counsel's failure to make a pretrial motion, even a potentially meritorious one, does not necessarily constitute ineffective assistance (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Moreover, the record reflects that counsel provided meaningful representation to defendant by, among other things, effectively cross-examining witnesses and aggressively pursuing a reasonable defense to the charges.

Finally, defendant's remaining contentions, including his claims that County Court erred by allowing the jury to view videotape footage of him in the police interview room and footage of his arrest, and that his sentence is harsh and excessive, have been considered and found to be unpersuasive.

Mercure, J.P., Peters, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

