(May 12, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMOUNT GREEN, Appellant. [923 NYS2d 297]—

Kavanagh, J. Appeal from a judgment of the County Court of

Albany County (Herrick, J.), rendered August 13, 2008, convicting defendant following a nonjury trial of the crime of criminal possession of a weapon in the second degree.

Police in the City of Albany stopped an automobile that had been reported stolen and ordered its three occupants, including defendant who was in the front passenger seat, out of the vehicle. The vehicle was then searched and a loaded semiautomatic .380 caliber handgun was recovered beneath a mat on the floor in front of the back seat. Defendant, who was wearing a bulletproof vest, was arrested and charged with criminal possession of a weapon in the second degree and unauthorized use of a motor vehicle in the third degree. After a nonjury trial, County Court found defendant guilty of criminal possession of a weapon in the second degree and sentenced him, as a second felony offender, to a prison term of 12 years, plus five years of postrelease supervision.* Defendant now appeals.

A person is guilty of criminal possession of a weapon in the second degree when he possesses a loaded firearm, unless that possession occurs in the person's home or place of business (*see* Penal Law § 265.03 [3]). Here, defendant claims that the People did not prove that the automobile in which the firearm was found was not his residence or place of business and, therefore, his conviction was not supported by legally sufficient evidence. However, defendant never made this argument before County Court in his motion to dismiss and, thus, has not preserved this issue for appellate review (*see People v Lumnah*, 81 AD3d 1175, 1177 [2011]; *see also People v Garcia*, 79 AD3d 1248, 1250 [2010], *lv denied* 16 NY3d 797 [2011]).

As for defendant's claim that he was deprived of a fair trial by County Court's decision to admit into evidence a picture taken of him when arrested wearing a bulletproof vest, we note that this was not a jury trial and, "[u]nlike a lay jury, a [j]udge[,] by reasons of . . . learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination based upon appropriate legal criteria," even if presented with evidence which should not have been admitted (*People v Moreno*, 70 NY2d 403, 406 [1987] [internal quotation marks and citation omitted]; *see People v Owens*, 45 AD3d 1058, 1059 [2007]). Also, the bulletproof vest, coupled with defendant's statement to police that he "could have made it ugly [and] could have gone out and started shooting," was relevant to establish that he knew a loaded firearm was in the

---

* Prior to rendering its verdict, County Court, in response to a motion made by defendant, dismissed the charge of unauthorized use of a motor vehicle.

vehicle (*see People v Barrier*, 298 AD2d 138, 138-139 [2002], *lv denied* 99 NY2d 555 [2002]).

Spain, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.