THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR LANTIGUA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MEJIAS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO RODRIGUEZ, Appellant. [926 NYS2d 510]—

The court's rulings relating to expert testimony were proper exercises of discretion. The People's translator was fully qualified to translate the Spanish conversations intercepted on wiretaps. The court properly permitted an expert to give background testimony on large-scale narcotics operations and to explain coded language. This information is beyond the knowledge of the average juror and would assist the jurors in understanding the evidence in a case involving complex, international drug activity (*see People v Brown*, 97 NY2d 500, 505-506 [2002]; *People v Ramirez*, 33 AD3d 460 [2006], *lv denied* 7 NY3d 928 [2006]; *People v Contreras*, 28 AD3d 393 [2006], *lv denied* 7 NY3d 847 [2006]). Given the type of case, use of a map of the Western Hemisphere to illustrate the international flow of drugs was also permissible and was not unduly prejudicial.

At the close of evidence and prior to summations, the court received a jury note requesting information and containing language that allegedly suggested the possibility of premature deliberations. The court did not abuse its discretion when it declined to conduct any individual inquiries, but instead addressed the problem by way of inquiries directed to the jury as a group, along with careful instructions (*see People v Buford*, 69 NY2d 290, 298-299 [1987]). Given the circumstances, there is no reason to believe there were actually any premature deliberations, and the court's actions were sufficient to avoid any prejudice.

The court properly precluded defendant Rodriguez from using a surveillance report to impeach an investigator. The investigator did not prepare the report, no statements in it were attributable to him, and Rodriguez did not lay any other foundation for use of the report (*see People v Johnson*, 227 AD2d 101, 102 [1996], *lv denied* 88 NY2d 987 [1996]). Rodriguez did not preserve his claim that the court's ruling violated his right of confrontation and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

The court's charge sufficiently conveyed the principle that the jury was required to consider each charge separately (*see generally People v Fields*, 87 NY2d 821, 823 [1995]).

Defendants did not preserve any of their remaining challenges to the court's instructions, or any challenges to the sufficiency of the evidence or the court's dismissal of a juror, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

We perceive no basis for reducing Rodriguez's sentence. Concur—Andrias, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.