# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**945.1**
**KA 12-00928**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                        MEMORANDUM AND ORDER

MAXWELL CHARLES WYANT, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF
COUNSEL), FOR APPELLANT.

JAMES NOBLES, ROCHESTER, FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an amended order of the Monroe County Court (Douglas
A. Randall, J.), entered May 14, 2012.  The amended order reduced the
sole count of the indictment from murder in the second degree to
assault in the first degree.

It is hereby ORDERED that the amended order so appealed from is
unanimously reversed on the law, that part of defendant's omnibus
motion seeking to dismiss or reduce the sole count of the indictment
is denied, that count of the indictment is reinstated, and the matter
is remitted to Monroe County Court for further proceedings on the
indictment.

Memorandum:  The People appeal from an amended order that granted
that part of defendant's omnibus motion seeking to dismiss or reduce
the sole count of the indictment based on the alleged legal
insufficiency of the evidence before the grand jury by reducing that
count from murder in the second degree (Penal Law § 125.25 [1]
[intentional murder]) to assault in the first degree (§ 120.10 [1]).
Initially, we note that County Court erred in reducing the count to
assault in the first degree inasmuch as assault in the first degree is
not a lesser included offense of intentional murder (*see* CPL 210.20
[1-a]; *People v Alvarez*, 38 AD3d 930, 934, *lv denied* 8 NY3d 981; *see
generally People v Glover*, 57 NY2d 61, 63-65).

In any event, we agree with the People that the evidence is
legally sufficient to support the count of intentional murder in the
second degree.  The grand jury "must have before it evidence legally
sufficient to establish a prima facie case, including all the elements
of the crime, and reasonable cause to believe that the accused
committed the offense to be charged" (*People v Jensen*, 86 NY2d 248,
251-252).  Legally sufficient evidence is defined as " 'competent
evidence which, if accepted as true, would establish every element of
an offense charged and the defendant's commission thereof' " (*People v*

*Swamp*, 84 NY2d 725, 730, quoting CPL 70.10 [1]). The court "must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted . . . would warrant conviction" (*id.*; *see Jensen*, 86 NY2d at 251).

Here, the People called as a grand jury witness a physician employed by the Monroe County Medical Examiner's Office to render an opinion as to the cause of the victim's death. In determining that the evidence was legally insufficient to establish that defendant caused the victim's death, the court concluded that the People did not properly qualify the witness as an expert. That was error. The witness's testimony establishes that she was qualified to provide expert opinion testimony (*see People v Stabell*, 270 AD2d 894, 895, *lv denied* 95 NY2d 804). It certainly may be inferred from her testimony that she was a licensed physician with the requisite training to render her qualified to testify as a forensic pathologist. Even assuming, arguendo, that those inferences could not be drawn from her testimony, we note that the witness further testified that she has conducted "just less than five hundred" autopsies. An "expert should be possessed of the requisite skill, training, education, knowledge *or* experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*Matott v Ward*, 48 NY2d 455, 459 [emphasis added]; *see People v McKinley*, 72 AD2d 470, 476). Indeed, "[p]ractical experience may properly substitute for academic training in determining whether an individual has acquired the training necessary to be qualified as an expert" (*People v Owens*, 70 AD3d 1469, 1470, *lv denied* 14 NY3d 890 [internal quotation marks omitted]; *see People v Hamilton*, 96 AD3d 1518, 1519; *see also People v Burt*, 270 AD2d 516, 518). Thus, the fact that the witness conducted almost 500 autopsies qualified her to give expert medical opinion as to the cause of the victim's death (*see People v Morehouse*, 5 AD3d 925, 928-929, *lv denied* 3 NY3d 644).

Entered: September 28, 2012                               Frances E. Cafarell
                                                          Clerk of the Court