Judgment, Supreme Court, New York County (Gregory Carro, *766 J.), rendered December 14, 2010, convicting defendant, after a jury trial, of murder in the first and second degrees, attempted murder in the second degree, conspiracy in the second degree, assault in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 73 Vs years to life, unanimously affirmed.
The court properly exercised its discretion in permitting a detective to testify as an expert with regard to coded or unexplained language contained in recorded conversations, and the detective did not go beyond the proper bounds of expert testimony (see People v Polanco, 50 AD3d 587, 587 [1st Dept 2008], lv denied 11 NY3d 834 [2008]; see also People v Brown, 97 NY2d 500, 505 [2002]). The expert’s opinion was based on “facts in evidence or on those personally known and testified to by the expert” (People v Jones, 73 NY2d 427, 430 [1989]), and he properly relied on information “of a kind accepted in the profession as reliable” or provided by “a witness subject to full cross-examination” (id.). “In interpreting the coded communications . . . the expert properly placed them in light of other facts already in evidence, including facts personally known and testified to by him” (People v Contreras, 28 AD3d 393, 394 [1st Dept 2006], lv denied 7 NY3d 847 [2006]). To the extent any of the expert testimony could be viewed as improper, we find the error to be harmless (see People v Crimmins, 36 NY2d 230 [1975]).
We do not find that there was anything in the testimony of the People’s principal fact witness that warrants reversal. While the People employed some leading questions, and the witness sometimes gave her interpretation of facts in evidence, the court acted within its discretion in according the People appropriate leeway in these matters, and the witness’s testimony was not so egregious as to deprive defendant of a fair trial. Any hearsay in the witness’s testimony constituted declarations made by coconspirators during the course and in furtherance of the conspiracy (see People v Caban, 5 NY3d 143, 148 [2005]), or was otherwise admissible. In any event, we likewise find any error to be harmless.
To the extent defendant is raising a Confrontation Clause argument concerning any alleged hearsay introduced through either of the above-discussed witnesses, we find that argument to be without merit. The People did not introduce any testimonial statements made by nontestifying declarants (see generally Crawford v Washington, 541 US 36 [2004]).
We have considered and rejected defendant’s challenges to the sufficiency of the evidence establishing that he murdered the victim for hire as set forth in Penal Law § 125.27 (1) (a) (vi) and *767 to the admissibility of evidence of an uncharged crime. Concur— Sweeny, J.E, DeGrasse, Manzanet-Daniels and Clark, JJ.