◼ The People of the State of New York, Respondent, v Dennis Browning, Appellant. [984 NYS2d 525]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 12, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject defendant's contention that County Court erred in admitting the testimony of a police officer regarding the meaning of coded language used in a recorded conversation. Contrary to defendant's contention, expert testimony interpreting the meaning of words is not restricted to narcotics cases (*see People v Inoa*, 109 AD3d 765, 766 [2013]; *People v Pendelton*, 90 AD3d 1234, 1235 n 2 [2011], *lv denied* 18 NY3d 996 [2012]), and the record establishes that the police officer was qualified to interpret the language based on his experience (*see Matott v Ward*, 48 NY2d 455, 459 [1979]; *People v Wyant*, 98 AD3d 1277, 1277-1278 [2012]). Present—Smith, J.P., Fahey, Peradotto, Sconiers and Valentino, JJ.