# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**408**

**KA 12-00507**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

DENNIS BROWNING, DEFENDANT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 12, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We reject defendant's contention that County Court erred in admitting the testimony of a police officer regarding the meaning of coded language used in a recorded conversation. Contrary to defendant's contention, expert testimony interpreting the meaning of words is not restricted to narcotics cases (*see People v Inoa*, 109 AD3d 765, 766; *People v Pendelton*, 90 AD3d 1234, 1235 n 2, *lv denied* 18 NY3d 996), and the record establishes that the police officer was qualified to interpret the language based on his experience (*see Matott v Ward*, 48 NY2d 455, 459; *People v Wyant*, 98 AD3d 1277, 1277-1278).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court