# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

640

KA 13-01924

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOVAN BARKSDALE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOVAN BARKSDALE, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered August 29, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends in his main and pro se supplemental briefs that County Court erred in determining that he lacked standing to seek suppression of the weapon seized by the police without conducting a hearing on the issue of standing. We reject that contention. It is undisputed that the weapon was not found on defendant's person or on property in which defendant had a legitimate expectation of privacy (*see People v Wesley*, 73 NY2d 351, 357-358), nor did defendant allege that police conduct caused him to relinquish control of the weapon (*see People v Mendoza*, 82 NY2d 415, 432).

Contrary to defendant's further contention, the court properly denied his *Batson* challenge based on its determination that the prosecutor's explanation for the peremptory challenge at issue was not pretextual (*see People v Ramos*, 124 AD3d 1286, 1287).

Defendant failed to preserve for our review his contention regarding the alleged legal insufficiency of the evidence inasmuch as he made only a general motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19; *People v Arroyo*, 111 AD3d 1299, 1299, *lv denied* 23 NY3d 960). Viewing the evidence in light of the elements

of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We further reject defendant's contention that the court erred in admitting the testimony of a police officer regarding the meaning and/or interpretation of certain "street slang" used in a recorded telephone call made by defendant while he was incarcerated. "[E]xpert testimony interpreting the meaning of words is not restricted to narcotics cases . . . , and the record establishes that the police officer was qualified to interpret the language based on his experience" (*People v Browning*, 117 AD3d 1471, 1471, *lv denied* 23 NY3d 1060). Although in one instance the officer may have gone beyond merely interpreting certain words or phrases from the recorded telephone call, we note that the court issued an agreed upon cautionary instruction to the jury, which effectively "eliminated any potential prejudice to defendant" (*People v Green*, 170 AD2d 1024, 1025, *lv denied* 78 NY2d 966).

We likewise reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to file a CPL 30.30 motion and defense counsel's failure to make a specific motion for a trial order of dismissal based on legal insufficiency. With respect to the CPL 30.30 motion, we conclude that such a motion would have been unsuccessful, and defense counsel is not ineffective for failing to make a motion that has little or no chance of success (*see People v Harris*, 97 AD3d 1111, 1111-1112, *lv denied* 19 NY3d 1026). We reach the same conclusion with respect to defense counsel's failure to make a specific motion for a trial order of dismissal (*see id.*).

Finally, we reject defendant's challenge to the severity of the sentence.

Entered: June 12, 2015

Frances E. Cafarell
Clerk of the Court