■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REINALDO SANTIAGO, Appellant. [52 NYS3d 331]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered May 21, 2015, convicting defendant, after a jury trial, of conspiracy in the second degree and two counts of criminal sale of a controlled substance in the first degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was ample evidence, including intercepted communications, demonstrating that defendant was part of the drug trafficking operation at issue, and satisfying all the elements of the sale and conspiracy charges.

Defendant, who objected on different grounds from those raised on appeal, has not preserved his present arguments relating to a detective's expert testimony concerning the interpretation of coded drug-related conversations, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see e.g. People v Ramirez*, 33 AD3d 460 [1st Dept 2006], *lv denied* 7 NY3d 928 [2006]; *People v Singleton*, 270 AD2d 190, 190 [1st Dept 2000], *lv denied* 95 NY2d 858 [2000]).

The court providently exercised its discretion in denying, without a hearing, defendant's CPL 330.30 (3) motion to set

aside the verdict on the ground of newly discovered evidence (which defendant denominated a "mistrial" motion). The evidence revealed after the verdict merely constituted impeachment material that had little or no significance in the context of the case, and fell far short of the statutory standard of creating a "probability" (*id.*) of a more favorable verdict. Concur—Acosta, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.