◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN BOLT, Appellant. [54 NYS3d 851]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered February 9, 2015, convicting defendant, after a nonjury trial, of murder in the second degree, and sentencing him a term of 22 years to life, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Therefore, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). At most, the alleged errors of counsel constitute inartfully phrased remarks that could not have affected the court's verdict or deprived defendant of a fair trial.

Defendant's challenges to testimony by the People's expert forensic psychologist are unpreserved, and we decline to review them in the interest of justice. Even if the People's expert exceeded the foundation necessary for his testimony, there was no reasonable possibility that the court, as the finder of fact, was usurped in its role of independently determining defendant's reliability or whether extreme emotional disturbance was proved (*see People v Pavone*, 26 NY3d 629 [2015]; *People v Diaz*, 15 NY3d 40 [2010]). In any event, we find that any error

was harmless in light of the overwhelming evidence of guilt (*People v Crimmins*, 36 NY2d 230 [1975]), particularly since this was a nonjury trial.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Richter, Manzanet-Daniels, Mazzarelli and Gische, JJ.