People v Lankford (2018 NY Slip Op 04225)





People v Lankford


2018 NY Slip Op 04225


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


732 KA 15-01997

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY LANKFORD, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
TIMOTHY LANKFORD, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 6, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and attempted petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]) and attempted petit larceny (§§ 110.00, 155.25). The conviction arose from an incident in which police officers, responding to a 911 call of a burglary in process, arrived to find defendant and two other males dressed in black clothing on the porch of the subject house. The inside of the house was ransacked and the front door was damaged. Gloves and masks were found on the other two men, and a third set of gloves and a black ski mask were found discarded in the alleyway next to the home, which was situated underneath the porch on which defendant had been found. A crowbar and the victim's cell phone were recovered from the backpack carried by one of the other men. Defendant initially denied knowing the two men and insisted that he had just been found at the wrong place at the wrong time. Testimony given at trial by the mother of one of the other two men established that defendant was related to both men, had known them all of his life, and had at one time lived for a period of time with one of the men.
Defendant's contention in his main and pro se supplemental briefs that the evidence is legally insufficient because the People failed to establish that he engaged in any criminal conduct is unpreserved for our review by his general motion for a trial order of dismissal based on "the failure of the People to prove a prima [facie] case" (see People v Gray, 86 NY2d 10, 19 [1995]; People v Parsons, 30 AD3d 1071, 1072 [4th Dept 2006], lv denied 7 NY3d 816 [2006]). Although defendant raised that contention in his CPL 330.30 motion, "a motion pursuant to CPL 330.30 does not preserve for our review a contention that is not otherwise preserved" (People v Calkins, 1 AD3d 1021, 1022 [4th Dept 2003], lv denied 1 NY3d 625 [2004]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). While an acquittal may not have been unreasonable, we conclude that "the jury correctly weighed the evidence when it convicted defendant of [burglary in the second degree and attempted petit larceny]" (Danielson, 9 NY3d at 349). "Great deference is to be accorded to the [factfinder]'s resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (People v Martin, 122 AD3d 1424, 1425 [4th Dept 2014], lv denied 25 [*2]NY3d 951 [2015] [internal quotation marks omitted]), and we see no reason to disturb the jury's credibility determinations.
We further conclude, contrary to defendant's contention in his pro se supplemental brief, that defense counsel provided meaningful representation (see generally People v Benevento, 91 NY2d 708, 712 [1998]). Counsel diligently presented defendant's theory of the case, effectively cross-examined witnesses, provided cogent opening and closing statements, and lodged appropriate objections throughout the proceedings. With respect to the specific contentions raised by defendant concerning the allegedly ineffective representation he received, we conclude that defendant was not "denied effective assistance of trial counsel merely because counsel [did] not make a motion or argument that [had] little or no chance of success" (People v Joslyn, 103 AD3d 1254, 1256 [4th Dept 2013], lv denied 21 NY3d 944 [2013] [internal quotation marks omitted]; see People v Barksdale, 129 AD3d 1497, 1498 [4th Dept 2015], lv denied 26 NY3d 926 [2015], reconsideration denied 26 NY3d 1007 [2015]).
Contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention in his pro se supplemental brief and conclude that it is without merit.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court