People v Rivera (2023 NY Slip Op 01873)

People v Rivera

2023 NY Slip Op 01873

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Webber, J.P., Oing, Singh, González, Mendez, JJ. 

Ind. No. 2443-15 Appeal No. 1 Case No. 2019-04425 

[*1]The People of the State of New York, Respondent,
v
Cesar Rivera, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Rosemary Herbert of counsel), and Cleary Gottlieb Steen & Hamilton LLP, New York (Tyler Good-Cohn of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered on June 28, 2019, convicting defendant, after a jury trial, of conspiracy in the fourth degree, and sentencing him to a term of two to four years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's intent and his agreement with his coconspirators, rather than his mere awareness of the conspiracy, could be readily inferred from the totality of the circumstantial evidence, which excluded reasonable innocent explanations. "While each link in the chain of circumstances might have an innocent explanation when viewed in isolation, the evidence, viewed as a whole, supported the conclusion that defendant was a participant in the drug conspiracy" (People v Ramirez, 33 AD3d 460, 460 [1st Dept 2006], lv denied 7 NY3d 928 [2006]). The People's case did not depend solely or primarily on lyrics contained in a video authored by defendant. The jury could have reasonably concluded, given the context of the other evidence in the case, that these lyrics were case-specific factual admissions instead of fiction or artistic expression.
We have reviewed defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023