People v Santos (2025 NY Slip Op 02997)

People v Santos

2025 NY Slip Op 02997

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Ind No. 4802/11|Appeal No. 4381|Case No. 2011-02609|

[*1]The People of the State of New York, Respondent,
v
Miguel Santos, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Jennifer Kline of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 3, 2011, as amended December 2, 2011, convicting defendant, after a nonjury trial, of conspiracy in the second degree and criminally using drug paraphernalia in the second degree (four counts), and sentencing him to an aggregate term of 1 to 3 years, unanimously affirmed.
Defendant failed to preserve his claim that the testimony of the People's expert regarding defendant's use of slang terms during wiretapped phone conversations exceeded the limits in People v Inoa (25 NY3d 466 [2015]) (see People v Santiago, 149 AD3d 516, 516 [1st Dept 2017]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. While the expert often "decode[d] telephone conversations generally," rather than limiting his comments to just code words, which sometimes made the expert into a "summation witness" (Inoa, 25 NY3d at 473-474), we find that any error was harmless in light of the overwhelming evidence of guilt, and we perceive no significant probability that the error affected the verdict (see id. at 472; People v Crimmins, 36 NY2d 230 [1975]). First, the primary concern in Inoa — that inadmissible expert testimony would usurp the factfinding role of the jury (25 NY3d at 473) — was not present in this nonjury trial (see People v Bolt, 152 AD3d 408, 408-409 [1st Dept 2017], lv denied 30 NY3d 947 [2017]). Second, defendant's guilt was established by other compelling evidence, including observations of his clandestine interactions with other narcotics traffickers, the arrest of an associate immediately after defendant handed the associate a bag with $28,000, and defendant's admissions in same-day wiretapped phone conversations that he was in hiding and unable to complete other heroin transactions due to the associate's arrest. Defendant's guilt was further demonstrated by wiretapped conversations in which he attempted to procure 300 grams of a controlled substance for resale.
For the same reasons, the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]). In addition to the expert's proper testimony establishing that defendant's wiretapped calls discussed sales of large quantities of narcotics, the verdict was supported by eyewitness testimony establishing defendant's involvement in the
November 4, 2009 sale, which led to the recovery of $28,000, and additionally supported by the recovery of drug paraphernalia from his apartment.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025